IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN J. BONTTY,

        Plaintiff,                    No. CIV S-10-2613 EFB P

    vs.

LUNCH SUPPLIES, et al.,

                                    ORDER AND
        Defendants.           FINDINGS AND RECOMMENDATIONS

/

        Plaintiff, a state prisoner without counsel, has filed a civil complaint. Plaintiff has also filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

1

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to plead "factual content that allows the court to draw reasonable that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This plausibility requirement is "not akin to a 'probability requirement,' but is asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In his complaint, plaintiff sues Lunch Supplies and 2Watch. He makes the following incoherent allegations:

> this is the last time I was refused a beverage. this is 2 facts I don't care for the Lunch. We [] this, I'm not eating the lunch know more. the c/o's are nincompoop, some think we are money that we are so forth. I'm going to eat but I'm getting furious . . . I need to receive my time back. to this date that been cross out I'm confess . . . .

Dckt. No. 1. Although plaintiff's claim is purportedly brought under 42 U.S.C. § 1983, plaintiff has failed to allege any facts that support such a claim. In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff's complaint has not alleged any facts suggesting a violation of a federal constitutional or statutory right or any facts suggesting improper conduct

2

by a person or persons acting under color of state law.  Nor does plaintiff's complaint give defendants fair notice of what the claim is and the grounds upon which it rests.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Accordingly, plaintiff's complaint must be dismissed.

The court will not grant plaintiff leave to file an amended complaint.  Plaintiff's complaint not only lacks merit, but it is also completely unintelligible and "cannot possibly be saved."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Plaintiff has requested leave to proceed in forma pauperis.  As the court has previously informed plaintiff, his application is deficient because he has not submitted a certified copy of his trust account statement or the institutional equivalent.  However, for the reasons explained above, the court finds that plaintiff cannot plausibly re-plead his claims.  Therefore, the court will not require him to submit a completed in forma pauperis application or order the withdrawal of funds from his prison trust account.  Instead, dismissal of this action is warranted.

Accordingly, IT IS HEREBY ORDERED that the Clerk randomly assign a United States District Judge to this case.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis is denied; and

2. This case be dismissed with prejudice due to plaintiff's failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4